1  XAVIER BECERRA
   Attorney General of California
2  MARK R. BECKINGTON
   Supervising Deputy Attorney General
3  MILAD DALJU
   Deputy Attorney General
4  PETER H. CHANG
   Deputy Attorney General
5  State Bar No. 241467
    455 Golden Gate Avenue, Suite 11000
6   San Francisco, CA  94102-7004
    Telephone:  (415) 510-3776
7   Fax:  (415) 703-1234
    E-mail:  Peter.Chang@doj.ca.gov
8  *Attorneys for Defendant Secretary of State*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| THE COMMON SENSE PARTY; et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALEX PADILLA, in his official capacity as Secretary of State of California; et al., <br><br> Defendants. | Case No. 2:20-cv-01091-MCE-CKD <br><br> **DEFENDANT'S OBJECTION TO NEW ARGUMENTS AND EVIDENCE RAISED IN PLAINTIFFS' REPLY BRIEF** <br><br> Hearing Date: N/A <br><br> Judge: Hon. Morrison C. England, Jr. |

1

Def.'s Obj. to New Arg. And Evid. In Pls.' Reply (2:20-cv-01091-MCE-CKD)

**OBJECTIONS TO NEW ARGUMENTS AND NEW EVIDENCE**

Defendant Secretary of State objects to new arguments raised in Plaintiffs' reply brief and new evidence submitted to support the new arguments, and moves the Court to decline to consider them or strike them. Specifically, Defendant objects to

1. Plaintiffs' Reply (Dkt No. 15) at 4 (§ I.B.) & 9 (§ IV, ¶ 1)
2. Declaration of Iredell in Support of Plaintiffs' Motion (Dkt No. 16) at ¶ 7 & Exs. 6, 6B-6I.

Generally, "reply briefs are limited in scope to matters either raised by the opposition or unforeseen at the time of the original motion." *Townsend v. Monster Beverage Corp.*, 303 F.Supp.3d 1010, 1027 (C.D. Cal. 2018) (citation omitted) (striking new evidence presented in reply brief). "When a new party raises a new argument in a reply brief, that argument is improper because the opposing party is deprived of an opportunity to respond." *Silva v. Solano Cty.*, No. 2:13-CV-02165-MCE, 2014 WL 5501225, at *6 n.6 (England, J.) (E.D. Cal. Oct. 30, 2014) (citing *Tovar v. United States Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993)). For this reason, a district court may decline to consider new evidence or arguments raised in reply, and generally "should not consider the new evidence without giving the non-movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (citation omitted).

Plaintiffs argue for the first time on reply that, in addition to the State Orders, they were subject to city and county orders that also allegedly affected their in-person solicitation efforts. *See* Pls.' Reply in Supp. of TRO (Dkt. No. 15) at 4 (§ I.B.). In support of this new argument, they submitted and discussed select orders from one county and two cities. *See id.*; Decl. of Iredell in Supp. of Pls.' Reply (Dkt. No. 16), ¶¶ 2-6 & Exs. 1-5. This, however, is a new argument that could have been raised, but was not raised, in Plaintiffs' TRO motion. In that motion, Plaintiffs alleged only that Governor Newsom's executive order N-33-20 affected their in-person solicitation efforts, *see* Pls.' TRO Mot. (Dkt. No. 5) at 4-5, which argument the Secretary of State addressed, *see* Def.'s Opp. to TRO Mot. (Dkt. No. 9) at 5-7, 13-14. The Secretary of State did not address any local orders because Plaintiffs did not suggest in their TRO motion that their in-person solicitation efforts were allegedly affected by any such orders. The

Court should thus strike, or decline to consider, this new argument and documents submitted in support thereof.

Plaintiffs also argued for the first time on reply that select out-of-state jurisdictions have allegedly modified their ballot-access requirements. *See* Pls.' TRO Mot. (Dkt. No. 5) at 9 (§ IV, ¶ 1). In support of this new argument, they submitted and discussed certain orders and bills (including bills that were proposed but failed to be enacted) from select states. *See* Decl. of Iredell in Supp. of Pls.' Reply (Dkt. No. 16), ¶ 7 & Exs. 6, 6B-I. This, however, is a new argument that could have been raised, but was not raised, in Plaintiffs' TRO motion. It also does not directly address any argument raised by the Secretary of State in his opposition to the TRO motion. The Court should thus strike, or decline to consider, this new argument and documents submitted in support thereof.

Should the Court decide to consider these new arguments, and the new evidence submitted to support them, Defendant Secretary of State requests that the Court provide him an opportunity to respond before ruling on the TRO motion.

Dated: June 22, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MARK BECKINGTON
Supervising Deputy Attorney General
MILAD DLJAU
Deputy Attorney General

*/ s / Peter H. Chang*
PETER H. CHANG
Deputy Attorney General
*Attorneys for Defendant Secretary of State*

3

Def.'s Obj. to New Arg. And Evid. In Pls.' Reply (2:20-cv-01091-MCE-CKD)