JAMES R. SUTTON, State Bar No. 135930
BRADLEY W. HERTZ, State Bar No. 138564
THE SUTTON LAW FIRM, PC
150 Post Street, Suite 405
San Francisco, CA 94108
Tel: 415/732-7700
Fax: 415/732-7701
jsutton@campaignlawyers.com
bhertz@campaignlawyers.com

QUENTIN L. KOPP, State Bar No. 25070
380 West Portal Ave.
San Francisco, CA 94127
Tel: 415/681-5555
Fax: 415/242-8838
quentinlkopp@gmail.com

Attorneys for Plaintiffs
THE COMMON SENSE PARTY,
TOM CAMPBELL, DEBBIE BENREY,
and MICHAEL TURNIPSEED

THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE COMMON SENSE PARTY; TOM CAMPBELL, in his capacity as official representative of the Common Sense Party and as a registered voter in the Common Sense Party; and DEBBIE BENREY and MICHAEL TURNIPSEED, as registered voters in the Common Sense Party, <br><br> Plaintiffs, <br><br> v. <br><br> ALEX PADILLA, in his official capacity as Secretary of State of California; and DOES 1-20, <br><br> Defendants. | Case No. 2:20-CV-01091-MCE-CKD <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTION TO NEW ARGUMENTS AND EVIDENCE RAISED IN PLAINTIFFS' REPLY BRIEF** <br><br> Judge: Hon. Morrison C. England, Jr. |

PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTION

1

Defendant objects to Plaintiffs' Reply Brief including: (1) shelter-in-place orders issued by municipalities and counties in response to the COVID-19 pandemic; and (2) instances of ballot access relief granted in other states in response to the COVID-19 pandemic. Defendant's objections lack merit because the local shelter-in-place orders and examples of ballot access relief in other states are directly relevant to the Court's consideration of Plaintiffs' request for injunctive relief, and because Plaintiffs included the local orders and other examples of ballot access <u>in direct response</u> to arguments raised in Defendant's Opposition Brief.

The purpose of a Reply Brief is to respond to and refute arguments in an Opposition Brief. (<u>Townsend v. Monster Beverage Corp</u>. (C.D. Cal. 2018) 303 F.Supp.3d 1010, 1027 ["Generally, reply briefs are limited in scope to matters either raised by the opposition or unforeseen at the time of the original motion."].) Arguments in a Reply Brief are not considered "new" or improper if they are in response to arguments advanced by the Opposition. (<u>Grange Insurance Assn. v. Sran</u> (E.D. Cal. 2016) 184 F.Supp.3d 799, 819 [arguments in reply were neither "new" or improper because "Plaintiff was merely responding to . . . arguments advanced by [Defendant]"].)

Plaintiffs only included the Los Angeles, San Diego and Santa Clara local shelter-in-place orders because Defendant made the (surprising and unsupported) argument in its Opposition Brief that the Common Sense Party could have resumed gathering voter registrations in-person as early as May 1, 2020. (Def.'s Opp. at 13.) Had Defendant not tried to claim that Plaintiffs were actually allowed to conduct in-person voter registration under the State's shelter-in-place orders as early as May 1 (i.e., if Defendant had acknowledged what everyone else in the State seems to know: that we're not supposed to venture outside our homes or interact with other people unless absolutely "essential"), Plaintiffs would not have needed to point out that local orders, as well as the State's order, severely impact Plaintiffs' effort to qualify for the November 2020 ballot. It certainly was "unforeseen at the time of the original motion" that Defendant would argue

PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTION

2

that in-person registration efforts were permitted as of May 1st (Townsend, supra, 303 F.Supp.3d at 1027), and Plaintiffs were "merely responding" to Defendant's argument (Grange Insurance Assn., supra, 184 F.Supp.3d at 819).

The additional examples of other states granting ballot access relief in light of the COVID-19 pandemic – whether through court action, state legislation, or executive order – did not constitute a "new" argument. In fact, Plaintiffs cited to several examples of ballot access relief in other jurisdictions both in their original Complaint and Points & Authorities. (Plaintiffs' Complaint at ¶¶ 41-46 [Illinois, Massachusetts, Michigan, New York and Vermont]; Plaintiffs' Memorandum of Points & Authorities at pp. 12-13.) Defendant even responded to these examples in its Opposition Brief by pointing out that ballot access relief was denied in Ohio, Arizona and New York (though all of these examples are distinguishable from California's political party qualification rules, which have become draconian during the current crisis). In addition, Plaintiffs were not aware of the ballot access relief cited in the Reply Brief – all of which was happening "in real time" – when they filed their original Complaint and Points & Authorities.

In short, Plaintiffs want to make certain that the Court is aware of all relevant information before rendering its decision on Plaintiffs' request for injunctive relief from the State's political party qualification laws, which have become virtually impossible, if not impossible, because of the COVID-19 pandemic. In addition, Plaintiffs do not object if the Court wants to give Defendant the opportunity to respond to the local shelter-in-place orders or the additional ballot access relief from other states.

Dated: June 24, 2020                    Respectfully Submitted:

By: _____
James R. Sutton
Bradley W. Hertz
The Sutton Law Firm, PC
Attorneys for Plaintiffs
THE COMMON SENSE PARTY,
TOM CAMPBELL, DEBBIE BENREY,
and MICHAEL TURNIPSEED

PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTION
3

## PROOF OF SERVICE

1. I am over the age of eighteen years and not a party to the within action. My business address is 150 Post Street, Suite 405, San Francisco, CA 94108. I make this declaration based on my personal knowledge, and if called upon to testify hereto, could and would competently do so.

2. On June 24, 2020, I served the foregoing document described as **"PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTION TO NEW ARGUMENTS AND EVIDENCE RAISED IN PLAINTIFFS' REPLY BRIEF"** on the following parties to this action, as follows:

| | |
|---|---|
| Peter H. Chang, Esq.<br>Milad Dalju, Esq.<br>Deputy Attorney Generals<br>Department of Justice<br>Office of the Attorney General<br>455 Golden Gate Ave., Suite 11000<br>San Francisco, CA 94102-7004<br>Direct: 415-510-3776<br>Peter.Chang@doj.ca.gov<br>Milad.Dalju@doj.ca.gov | Counsel for Defendant ALEX PADILLA |

__XX__ (VIA ELECTRONIC MAIL) I transmitted the document(s) via electronic mail to the addressees listed above at their electronic mail addresses as listed above.

_____ (VIA PERSONAL DELIVERY) I personally delivered copies of the document(s) to the addressees listed above.

Executed on June 24, 2020, at San Francisco, California.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

*/s/ James R. Sutton*
James R. Sutton

PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTION